JD

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

CHARLES POWELL,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - X

**FILED UNDER SEAL**

A F F I D A V I T   A N D
C O M P L A I N T   I N   S U P P O R T
O F   A N   A P P L I C A T I O N   F O R
A N   A R R E S T   W A R R A N T

Case No. 21-M-1134

(18 U.S.C. § 922(g)(1))

EASTERN DISTRICT OF NEW YORK, SS:

JEFFREY VALENZANO, being duly sworn, deposes and states that he is a

Task Force Officer with the Federal Bureau of Investigation, and a Task Force Officer with

the "FBI/NYPD Safe Streets Task Force," duly appointed according to law and acting as

such.

On or about October 7, 2020, within the Eastern District of New York, the

defendant CHARLES POWELL, knowing that he had been previously convicted in a court

of one or more crimes punishable by imprisonment for a term exceeding one year, did

knowingly and intentionally possess in and affecting interstate or foreign commerce

ammunition, to wit: a) one 9mm Winchester cartridge and b) three .380 caliber cartridges

(two Federal and one Perfecta cartridge).

(Title 18, United States Code, Section 922(g)(1))

The source of your deponent's information and the grounds for her belief are as follows:[1]

I am a Task Force Officer with the Federal Bureau of Investigation ("FBI") and have been for approximately five years.   I am currently assigned to the New York Metro Safe Streets Gang Task Force, where I investigate gangs, narcotics trafficking, firearms trafficking, robbery, kidnapping and other offenses.   These investigations are conducted both overtly and covertly.   I am also a Detective with the New York City Police Department ("NYPD") and have been so employed for approximately 20 years.   Through my training, education and experience, I have become familiar with the manner in which narcotics distribution, robberies, firearms trafficking and other schemes are carried out, and the efforts of persons involved in such activity to avoid detection by law enforcement.

1.      I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the investigative file, including the defendants' criminal history records; and from reports of other law enforcement officers involved in the investigation.   Where I describe the statements of others, I am doing so only in sum and substance and in part.

2.      On or about October 7, 2020, at approximately 10:41 p.m., a shooting took place inside 181 Hegeman Avenue in Brooklyn, N.Y.   I have observed video surveillance leading up to and following the shooting.   The video shows that at some point three males ("Shooter-1" and "Shooter-2") and a third unidentified armed male ("UM-1")

---

[1] Because this affidavit is being submitted for the limited purpose of establishing probable cause to arrest, I have not set forth every fact learned during the course of this investigation.

enter the location 181 Hegeman Avenue, a known gambling location in the 73rd precinct (the "Shooting location") and committed a robbery of the patrons inside.   During the course of the surveillance video footage, UM-1 can be seen holding a firearm and fighting with the bouncer ('Victim-1").   Shooter-1 can be seen firing a shot at Victim-1, where one 9mm Winchester cartridge casing was later recovered by responding officers.   Shooter-2 can be seen on the video firing multiple gunshots, in multiple areas where three .380 caliber cartridge casings (two Federal and one Perfecta) were later recovered.   Shooter-2 can be seen also firing at Victim-1, whose identity is known to me, where one of the .380 caliber cartridge casings was later recovered.   Victim-1 was pronounced dead that night at a local hospital.   An autopsy conducted on Victim-1 revealed the cause of death was from injuries sustained from two gunshot wounds.   In addition, Victims 2-4 were also removed from the Shooting scene with gunshot wounds sustained in the area where Shooter-2 can be seen on video firing his weapon.   Victims 2-4 are known to law enforcement.   Identified eyewitnesses present at the Shooting Scene at the time informed law enforcement that while gambling, Shooter-1, Shooter-2 and UM-1 entered the location, displayed weapons and stole US currency from the Shooting location and individuals therein.

3.      On or about April 7, 2021, members of the 073 Detective squad reviewed that video, along with one Federal Task Force member of law enforcement ("Officer-1").   Officer-1, whose identity is known to me, identified Shooter-2 as the defendant CHARLES POWELL. Officer-1 has had numerous prior interactions with POWELL and is familiar with POWELL's appearance.   Officer-1 is known to me and has been interviewed by investigators in this case.

4.      Following the October 7, 2020 shooting at the Shooting Location, I have therefore determined that the defendant CHARLES POWELL is "Shooter-2." I have reviewed the surveillance video and social media accounts believed to be associated with POWELL, and the physical appearance of Shooter-2 depicted in the surveillance video is consistent with the age, race, and appearance that law enforcement has on file for the defendant POWELL from prior arrests.

5.      I have reviewed the criminal history for defendant CHARLES POWELL, which reveals that on or about September 26, 2016, the defendant POWELL was convicted in Superior Court of Passaic County, N.J. of the felony Possession of a Weapon and sentenced on or about June 23, 2017 to 36 months' jail time.

6.      I know from my conferral with an interstate nexus expert of the ATF that the four recovered ammunition cartridges were manufactured outside the state of New York.

7.      I further request that the Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the affidavit and arrest warrant.   Based upon my training and experience, I have learned that criminals actively search for criminal affidavits and arrest warrants via the internet.   Therefore, premature disclosure of the contents of this affidavit and related documents will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence and change patterns of behavior.

5

WHEREFORE, your deponent respectfully requests an arrest warrant for the

defendant CHARLES POWELL, so that he may be dealt with according to law.

JEFFREY VALENZANO
Task Force Officer
Federal Bureau of Investigation

Sworn to before me by telephone this
7th day of October, 2021

THE HONORABLE PEGGY KUO
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK