```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

  UNITED STATES OF AMERICA,

             -against-                        MEMORANDUM & ORDER
                                              21-CR-572(EK)(TAM)
  CHARLES POWELL,

                    Defendant.

--------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Charles Powell is charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Trial was, until this week, scheduled for October 19, 2022. Powell moved on September 9, 2022 to preclude the introduction of cell-site location data and any expert testimony about that evidence, on the basis that the government should have produced these materials earlier. Def. Ltr. dated Sept. 9, 2022, 1-3, ECF No. 57. I denied that motion orally at a status conference on September 19, 2022, before the parties agreed to adjourn the trial. This memorandum sets forth the reasons for my ruling.

## I.  Background

Earlier this year, I ordered discovery to be concluded by February 24, 2022. ECF No. 19. That order, as it appeared on the docket, was extremely brief; it extended to the materials that the government had in its possession or control and those for which requests (or subpoenas) had then issued. The order

did not mean, of course, that the government's investigation should cease by that date, or that materials identified during any further investigation had to be produced before the government obtained them.

Two days after that order issued, the government indicated that it intended to call an expert witness on cell-site data. *See* Gov. Ltr. dated Feb. 25, 2022, at 2, ECF No. 21.[1] The government gave no indication at that time as to whether it had requested cell-site data from any service provider or commissioned any expert analysis. On August 29 — approximately six months later — the government produced approximately 118 pages of cell-site records. ECF No. 59. The government subsequently indicated that it intends to offer only 45 pages of that data at trial — namely, the data pertaining to the period beginning on the evening of October 7 and ending in the early morning hours of October 8, 2020. Gov. Ltr. dated Sept. 14, 2022, ECF No. 62.

## I. Discussion

In *United States v. Cantoni*, the Second Circuit wrote that district courts should exclude, as a matter of law,

---

[1] At a conference on September 13, 2022, the defense noted that it had received expert resumes "buried in the discovery without expert notice." *See* Tr. of Sept. 13, 2022 Proceeding 20:19-21, ECF No. 60. These were not listed, however, in the government's summary of the discovery it had produced since August 29.

materials produced in violation of a discovery order if the late production would cause a criminal defendant "substantial prejudice" at trial. No. 19-4358-CR, 2022 WL 211211, at *2 (2d Cir. Jan. 25, 2022), *cert. denied*, 142 S. Ct. 2826 (2022). There, the Court of Appeals affirmed the district court's conclusion that the government's belated production of cell site records — twenty-one days before trial — did not cause the defense substantial prejudice. *Id.* "A showing of substantial prejudice requires that the defendant demonstrate that the untimely disclosure of the evidence adversely affected some aspect of his trial strategy." *Id.*

Here, even assuming the violation of a discovery order, the defense did not show substantial prejudice. First, as noted above, the volume of data at issue is limited. *See* Def. Ltr. dated Sept. 9, 2022, at 3, ECF No. 57. In *Cantoni*, the district court held that it was not unreasonable for the defense to review twenty pages of data, distilled from a total of 847 pages of cell-site records, in a twenty-one-day period before trial. No. 18-CR-562, 2019 WL 1264899, at *1 (E.D.N.Y. Mar. 19, 2019). Here, in comparison, Powell had six weeks before trial when the records were produced — twice as long as in *Cantoni*. *See id.*; *Cantoni*, 2022 WL 211211, at *2.

Secondly, the admissibility of cell-site testimony is, as the government argues, relatively non-controversial at this

3

point.  *See, e.g.*, *United States v. Krivoi*, No. 18-CR-100 (E.D.N.Y. 2018) (cellular location data admitted at trial without a *Daubert* hearing); *United States v. Smith*, No. 16-CR-346 (E.D.N.Y. 2018), ECF No. 100 (same).  It may be true that there are limits to the precision with which one can pinpoint a phone's location based on this data.  But these limitations are properly raised on cross-examination, rather than as a basis for exclusion under *Daubert* and Rule 702.  In *United States v. Rosario*, for example, the court declined to preclude testimony and maps purporting to show the defendant's location because, among other things, such methods were "reliable" and "uncomplicated." No. 9-CR-415-2, 2014 WL 6076364, at *1-2 (S.D.N.Y. Nov. 14, 2014).  The court wrote that the "vagaries of cell phone technology affect the persuasiveness of the circumstantial evidence, but they do not render [the expert's] testimony inadmissible."  *Id.* at *2.  Instead, such concerns go to the "weight of [an expert's] testimony, not its reliability." *Id.* at *3.  Here, even if the defense had established its entitlement to a F.R.E. 702 hearing on the admissibility of this evidence, the time then remaining would easily have allowed the

4

parties to prepare for that hearing and the Court to resolve the motion.

      SO ORDERED.

                                                   /s/ Eric Komitee
                                        ERIC KOMITEE
                                        United States District Judge

Dated:    September 23, 2022
            Brooklyn, New York